BELLE PILGRIM, *Appellant*, v. THE VERDIGRIS VALLEY BRICK AND TILE COMPANY, *Appellee.*

No. 16,405.

. SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Injury to Employee—Proof of Negligence—Duty of Master—Proximate Cause.* In an action by the next of kin of a deceased against an employer for damages consequent to the death, which occurred from injuries received while the decedent was laboring for the employer, it devolves upon the plaintiff to allege and establish by evidence that the injury occurred through the omission of some duty which the master owed to the employee and that such omission was the proximate cause of the injury.

2. —— *Demurrer to Evidence.* When upon the trial of such a case the plaintiff has introduced his evidence and rested his case, and has failed *prima facie* to establish such facts, an order sustaining a demurrer to his evidence is proper.

Appeal from Wilson district court; JAMES W. FINLEY, judge. Opinion filed March 12, 1910. Affirmed.

*T. J. Hudson,* and *D. J. Sheedy,* for the appellant.
*Frank Woodard,* and *A. L. Berger,* for the appellee.

Pilgrim v. Verdigris.

The opinion of the court was delivered by

SMITH, J.: For some months John E. Pilgrim had been employed by the defendant company as a "buzzard," as it is called; that is to say, he did whatever he was directed to do by the management. On the day of the accident he was directed to assist in mining shale to be used in making brick. While so engaged with another employee the bank caved upon them, and Pilgrim was so injured thereby that two days thereafter he died from the injuries. The plaintiff is the widow of Pilgrim and brought this suit for her damages in the loss of her husband. The sole charge of negligence against the defendant and its employees in charge of the brick plant and mine is that "the management of the said defendant neglected to properly inspect and look after the condition of the mine and face of the bluff above, where the deceased was at work, as required by the defendant." The answer was (1) a general denial, (2) contributory negligence, and (3) assumption of risk by deceased.

The trial was commenced with a jury, and proceeded so far that the plaintiff introduced her evidence and rested her case, and thereupon the defendant interposed a demurrer to such evidence, which the court sustained. The motion of the plaintiff for a new trial was denied, and judgment was rendered against her for costs.

The evidence, so far as it relates to the necessity of inspection and failure to inspect the mine and bluff extending above, is, in substance, that the bluff extended above where the accident occurred thirty to thirty-five feet; that there were two benches in the face of the bluff, on the lower of which the deceased and one Fowler were at work; that one Bean was in charge of the shale pit, and it was his duty to inspect it; that Bean and Fowler had been on the bench above

where Pilgrim was at work about two hours before the accident occurred; that shortly before the cave-in which injured Pilgrim occurred a small piece of shale fell from above, but it does not appear that Bean had any knowledge of it. There is no evidence as to whether Bean or any one else had or had not inspected the mine or bluff at any time, or as to the nature of the shale or material of the bluff above, or whether there was reasonable ground to apprehend and guard against the calamity which happened.

We think the bald fact that a cave-in occurred is not alone sufficient to make even a *prima facie* case that it should in the exercise of reasonable care have been apprehended and guarded against. It is a matter of common knowledge that some shales are very friable while others are quite coherent. Besides, it appears that the face of the bluff where Pilgrim and Fowler were at work was so coherent as to require blasting to dislodge it, but it does not appear whether or not the face of the bluff above was of like character.

It devolved upon the plaintiff not only to allege but to prove that the nature of the labor required of the deceased and of the place where it was to be performed was such that the defendant had reasonable ground to apprehend the danger which befell, and failed to use reasonable precaution in the way of inspection to avoid it. It appears that no such evidence was produced.

From the evidence that it was Bean's duty to inspect the mine and bluff it should fairly be inferred that the company recognized such inspection as necessary. Still, in the absence of any evidence that the duty was not performed or for what purpose the inspection was to be made, the proof falls far short of establishing any liability against the company.

The plaintiff states that *Brick Co. v. Shanks*, 69 Kan. 306, is "on all fours with this case and disposes of every phase of our contention." It is true the accident out of which the ground of action arose in that case oc-

Pilgrim v. Verdigris.

curred in mining shale to be used in the manufacture of brick. The cases appear to be similar in no other respect. The following excerpt from the opinion therein distinguishes it completely from this case:

"The pit-boss undertook to perform the function of the vigilant eye and ear and the cautious judgment for his men, in consideration of which they surrendered the use of their own faculties and yielded the right of relying upon their own capabilities for protection. The risk of danger from the spontaneous caving of banks, from the falling of blocks of shale loosened by natural agencies, and from other similar causes, was doubtless assumed. Such perils inhered in the work and could be foreseen by the men as well as by the master. But the conduct of the work of drilling and casting down shale was properly subject to regulation, and under the rule of the pit that he should work while the foreman watched, the plaintiff was not bound to observe anything connected with the operations of the drillers except the warnings which the pit-boss gave." (Page 309.)

The plaintiff also omitted any proof that no administrator of the estate of the deceased had been appointed. Such evidence is essential to establish her right of recovery. The omission may, however, have occurred through a supposed tacit admission of the fact by the defendant.

As a witness in her own behalf the plaintiff offered to testify that some three hours after the accident Bean, the defendant's foreman, told her that "it was his [Bean's] fault; that he had not had the mine looked after as he ought to have done." On objection this evidence was excluded, and the ruling is assigned as error. The remark does not appear to have been made in furthering or performing any duty or service Bean owed the defendant as its agent; hence it can not be regarded as an admission of, or on behalf of, the defendant. It appears to have been a mere recital in regard to a past transaction and is mere hearsay. Bean was a witness, and if he knew any facts that would have

tended to prove the conclusion he is claimed to have expressed he was competent to testify to such facts. No error was committed in the ruling.

The judgment is affirmed.